**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| Tamara C., | MEMORANDUM DECISION AND ORDER |
| Plaintiff, | |
| v. | |
| Andrew M. Saul, | 1:18-CV-00118-CMR |
| Defendant. | |
| | Magistrate Judge Cecilia M. Romero |

This matter is before the court pursuant to 42 U.S.C. § 405(g) to address whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff Tamara C.'s ("Plaintiff"), mental impairments did not meet the requirements of Listing 12.04 and whether the ALJ erred in finding there was other work in the national economy Plaintiff could perform (Plaintiff's Opening Brief ("Pl. Br.") 2).

I.  BACKGROUND

Plaintiff, age 37 on her August 2014 alleged onset date, was age 40 on the date of the ALJ's decision. Plaintiff obtained a bachelor's degree in psychology and has specialized training as a nurse assistant (Administrative Transcript ("Tr.") 25, 90, 261). Plaintiff has past relevant work as a certified nursing assistant and as a job coach (Tr. 24, 85).

In applying the five-step sequential evaluation for determining disability in adults, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act. Specifically, at step three, the ALJ determined that Plaintiff's mental impairments do not cause at least two "marked" limitations or one "extreme" limitation, and therefore, the "paragraph B"

1

criteria of Listing 12.04 were not satisfied. (Tr. 16). Later in his evaluation, the ALJ found Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform less than a range of sedentary work as defined in 20 CFR 404.1567(a). Specifically, the claimant can lift and carry 15 pounds occasionally and 10 pounds frequently; can perform occasional postural activities but cannot balance and cannot climb ladders, ropes, or scaffolds; can stand and walk two to three hours out of an eight-hour day; sit for six hours with normal breaks; cannot work at unprotected heights or dangerous moving machinery; is limited to work that is simple, non-detailed, non-complex in nature; can make decision and deal appropriately with workplace peers and bosses with occasional routine work changes; can occasionally interact with co-workers, supervisors, and the general public; cannot work in environments involving high production quotas and fast-paced activity and is capable of unskilled repetitive work of a simple nature with few variables.

(Tr. 17).

After finding Plaintiff was unable to perform any past relevant work, and based on the testimony of the vocational expert, at step five, the ALJ determined Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. 26). Specifically, the ALJ found that Plaintiff had the RFC to perform the work of election clerk, addresser, and document preparer (Tr. 25-26).

Plaintiff argues the ALJ ignored medical evidence that supported meeting Listing 12.04 (Plaintiff's Reply Brief ("Reply Br.") 2). Plaintiff also contends the job of addresser is a job the Social Security Administration ("SSA") itself has found is obsolete, and that the jobs of election clerk and document preparer require a reasoning level of three. (Pl. Br. 18-19). According to Plaintiff, the vocational expert's testimony that the jobs of election clerk and document preparer are within her RFC conflicts with the Dictionary of Occupational Titles ("DOT"), and therefore

the ALJ failed to identify any unskilled work Plaintiff could actually be expected to perform. (Tr. 19).

The Social Security Commissioner ("Defendant") argues the ALJ's determination that Plaintiff's mental impairments did not satisfy each of the criteria at the requisite severity to meet Listing 12.04 was supported by substantial evidence (Answer Brief ("Ans. Br.") 4). Defendant also argues the ALJ did not err in relying on the vocational expert's testimony and that given all of the relevant factors the expert properly identified example occupations Plaintiff could perform including reasoning level three occupations of election clerk and documents preparer (Ans. Br. 12).

## II. ANALYSIS

Our task in analyzing Plaintiff's appeal is limited to determining whether substantial evidence supports the SSA's factual findings and whether the agency applied the correct legal standards. *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

**A. The ALJ did not err in finding Plaintiff failed to meet Listing 12.04.**

Plaintiff argues her impairments are severe enough to meet both the "B" and "C" criteria of Listing 12.04 (Pl. Br. 14). Plaintiff argues her numerous hospitalizations and treating providers' opinions demonstrate that she was not stable on medication (Pl. Br. 14). She also argues her documented history of schizoaffective disorder persisted over a period of at least two years (Pl. Br. 10, 14). Defendant contends the ALJ reasonably found that Plaintiff's treating providers, Dr. Schaeffer and Dr. Kvardfort, failed to link their opinions to medically acceptable clinical and laboratory diagnostic techniques and were inconsistent with other evidence in the

3

record and therefore, the ALJ was not required to give those providers' opinions controlling weight. (Ans. Br. 5).

An ALJ's findings shall stand if supported by substantial evidence. 42 U.S.C. §§ 405(g); 1383(c)(3). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The ALJ must give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion. 20 C.F.R. § 404.1527. To be given controlling weight, a medical source's opinion must be well supported by objective medical evidence and must be consistent with other substantial evidence in the case record. *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003). If an opinion is deficient in either of these respects, then it is not entitled to controlling weight. *Id*.

Here, the ALJ cited to evidence in the record for each area of functioning of the paragraph "B" criteria in reaching his determination that Plaintiff's mental impairments did not cause two "marked" or one "extreme" limitation. (Tr. 15-16). The ALJ also gave a variety of reasons why Drs. Shaefer and Kvardfort's opinions were given little weight, including their subjectivity and inconsistency with Plaintiff's presentation and mental health records (Tr. 23-24). Notwithstanding, Plaintiff's RFC was very limited. In fact, the ALJ found more limitations than agency psychological consultants determined (Tr. 23-24), and the ALJ explicitly linked his findings to the evidence previously discussed at steps two and tree in his determination (Tr. 14-22). Overall, the ALJ gave the requisite deference and weight to Plaintiff's treating source medical opinions and reasonably found Plaintiff's mental impairments did not meet the paragraph "B" or "C" criteria of Listing 12.04 based on substantial evidence in the record.

**B. The ALJ erred in finding that there is available work in the national economy that Plaintiff could perform.**

The DOT assigns the election clerk job a reasoning level three, which requires the worker to: "Deal with problems involving several concrete variables in or from standardized situations." DICOT 205.367-030, 1991 WL 671719. Similarly, the DOT assigns the document preparer job a reasoning level three, with the same reasoning requirements. DICOT 249.587-018, 1991 WL 672349.

At step five, the ALJ must "investigate and elicit a reasonable explanation for any conflict" between the DOT and a vocational expert's testimony. *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). The Tenth Circuit has remanded a similar case "to allow the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE." *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). While there is no bright line rule that a job with reasoning level three cannot qualify as a job requiring performance of simple, routine tasks, the particular facts of the case and the nature of the particular impairment necessitating the limitation to simple and routine work factor into whether a level three reasoning job conflicts with the RFC in a particular case. *Lowery v. Colvin*, No. 14-cv-310-JHP-FHM at *4-5 (N.D. Okla. January 7, 2016).

In this case, the ALJ limited Plaintiff to work that is simple, non-detailed, and non-complex in nature (Tr. 17). This conflicts with the DOT description for the jobs of election clerk and document preparer as they require the worker to deal with problems involving several concrete variables in or from standardized situations. During the hearing, the ALJ did not ask the vocational expert to advise him if the vocational expert's testimony conflicted with the DOT reasoning requirements, and the ALJ failed to resolve the contradiction between the RFC he

5

assessed and the jobs found by the vocational expert.  Based on the foregoing, the ALJ erred in determining that Plaintiff could perform the occupations of document preparer or election clerk.

The last remaining job the vocational expert testified Plaintiff could perform was the job of addresser.  The Seventh Circuit has found "[i]f the only jobs that the applicant is physically and mentally capable of doing no longer exist in the American economy (such as pin setter, phrenologist, leech collector, milkman, pony express rider, and daguerreotypist), the applicant is disabled form working, and likewise, as a realistic manner, if there is an insignificant number of such jobs." *Herrmann v. Colvin*, 772 F.3d 1110, 1113 (7th Cir. 2014).

The DOT defines an addresser as a worker who "addresses by hand or typewriter, envelopes, cards, advertising literature, packages, and similar items for mailing."  DICOT 209.587-010, 1991 WL 671797.  Plaintiff contends that the occupation of addresser is obsolete and, accordingly, does not exists in significant numbers, as noted in a study conducted by the SSA (Pl. Br. 18 (citing May 2011 Occupations and Medical Vocational Claims Review Study ("Study")).  Defendant argues the Study is not official agency material such as *POMS* or *HALLEX* (Ans. Br. 10).   While the court finds the Study persuasive, simply by applying commonsense it is clear the job functions and requirements of an addresser are obsolete. Computers and printers have largely replaced the use of typewriters and handwriting.  A reasonable mind would not accept the vocational expert's testimony that there are 8,622 positions as an addresser in the national economy (Tr. 105), and the court finds as a realistic manner this is not an available job in the national economy.  *See Farias v. Colvin*, 519 F.App'x. 439, 440 (9th Cir. 2013) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

## CONCLUSION

For the reasons stated herein, the court finds the ALJ erred in his step-five determination based on the Plaintiff's less than sedentary RFC and restriction to unskilled repetitive work. Specifically, the ALJ erred in determining there were jobs available in the national economy based on the vocational expert's findings that Plaintiff could perform the work of an addresser, document preparer, or election clerk.

The court will therefore REMAND the case to allow the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple or repetitive tasks and the level three reasoning required jobs identified by the vocational expert.

DATED this 17 March 2020.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah